

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :       INDICTMENT

    - v. -                        :       08 Cr.

EDGAR TORRES,
                      Defendant.

- - - - - - - - - - - - - - - - - -x

                      COUNT ONE

08 CRIM 628

The Grand Jury charges:

1. From at least in or about January 2008, up to and including in or about April 2008, in the Southern District of New York and elsewhere, EDGAR TORRES, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that EDGAR TORRES, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 35 kilograms and more of mixtures and substances containing a detectable amount of marijuana in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(D).

### Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York:

       a.   On or about April 9, 2008, in New York, New York, TORRES possessed two pieces of luggage containing approximately eight plastic bags of marijuana, on a flight from Miami, Florida, to John F. Kennedy Airport in New York.

       b.   In or about 2007, TORRES delivered a bag containing marijuana to a coconspirator not named as a defendant herein ("CC-1"), at CC-1's home in Manhattan, New York.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

4.   As a result of committing the controlled substance offense alleged in Count One of this Indictment, EDGAR TORRES, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

<u>Substitute Assets Provision</u>

5.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

2

      (b) has been transferred or sold to, or deposited with, a third person;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

EDGAR TORRES,

Defendant.

INDICTMENT

08 Cr.

(21 U.S.C. §§ 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

*Post-It 11/1/87*

7/9/08 - Fld. Indictment, case assigned to Judge Holwell.

Eaton, J. U.S.M.J.